## FOSTER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Nov 17, 1930

Patterson, O'Brien & Holland, Cleveland, for Foster.

Ray T. Miller and Neil W. McGill, Cleveland, for State.

he did not come within the persons named in the statute, the court refused to legislate, because, though a man might be guilty of **some** offense, he could not be reached by that statute; and the court wisely said that the clearing up of defects, if there were any, is a matter for the Legislature and not for the courts; that a criminal statute must be strictly construed and in favor of the accused; that it would not do to convict a man on general principles, no matter how bad he might be; that he was entitled to be convicted upon the crime with which he was charged in the indictment and no other, and we are in accord with this sentiment expressed by the Supreme Court.

Now, in the judgment of the writer of this opinion, the court was not warranted in treating "accountant" as synonymous with "agent," and the statute cannot be extended to include a class of persons not named therein by saying a man is an "agent, to-wit, an accountant," whereas, an accountant is not one of the officers, if he be an officer, against whom the charge of embezzlement might lie under the statute. One might just as well say under this statute "John Smith, agent, to-wit, night watchman of the bank." That would not make him an agent within the meaning of this statute.

Setting all that aside, is "accountant" synonymous with "agent"? We think not. A man might be an accountant and not be an agent. If one looks at Words and Phrases, Bouvier's Dictionary, and other reputbale works and finds what an accountant means and what an agent means, one can readily see that a man might be an accountant without being an agent. An accountant might be one who accounts; that is, an executor or administrator might make an accounting to the Probate Court and he is treated as an accountant.

A certified accountant is employed to go over the books of a concern and correct any errors, and if that accountant was employed to correct errors, and to receive money from those who owed it as shown by the corrections made by the accountant, and the money was paid to correct these deficits or shortages by the man who had not accounted for them to the accountant, and he kept that money and appropriated it to his own use, he might be guilty of embezzlement and so it seems to this court that it was the duty of the trial judge to explain more fully, for he did not explain at all, what an accountant really is, and

## VICKERY, PJ.

Now, there is a grave question in this law suit as to whether the defendant could be convicted of embezzlement under the evidence in this case, inasmuch as the statute above referred to nowhere refers to an accountant. The prosecutor in drawing this indictment apparently was aware of that and so used the words, "agent, to-wit, accountant," and the court likewise slurred the matter over by referring to "agent, to-wit, accountant."

Now, the history of the growth of the statute in which it has made various officers, agents, attorneys, etc., liable to be prosecuted for embezzlement is interesting and is set out and analyzed fully by the Supreme Court in the cases of **State of Ohio v. Sawyer, State of Ohio v. Channer,** and **State of Ohio v. McLaughlin, 115 Oh St 350.**

In these cases the Supreme Court refused to sustain a conviction because, although one apparently from the record, was guilty of **some** offense, nevertheless, inasmuch as

how, under certain circumstances, he might be an agent, but he left it purely to the jury on the fact that as he treated it, "accountant" was a synonymous term with "agent"; and that is not true, as a matter of fact, because many accountants are not agents, and we think the court in his general charge, in not going into and explaining the difference, committed error and the error was prejudicial to the defendant, because if he were an accountant and that was the same as an agent, then it would put him under the purview of this statute; and therefore the jury was entitled to know from the court the relation of one to the other and the defendant was entitled to have the terms explained; and that was especially true, when, after the close of the trial and the court had given his general charge, the attorney for the defendant below requested this explicitly in his request to the court and the neglect in the first instance, and the refusal in the last instance, were both errors which prevented this defendant from having his case properly submitted to the jury.

Now, not only must the state prove that this man was the agent of the bank, but that he received this money as agent of the bank, and as such agent appropriated it to his own use. Aside from the fact that an accountant is not one of the persons named in the statute, there is grave doubt in the judgment of the writer of this opinion that this man, Foster, ever received any money or a check in his capacity as accountant. The record shows a situation which is very grave and probably had there been an indictment for a conspiracy to rob this bank and proof of that conspiracy, provided there is such an offense as a criminal conspiracy in Ohio, a complicity in a crime upon the part of this defendant might have been shown; but as already stated, there was no such charge in the third count of this indictment, and men are entitled to be tried on the charge in the indictment.

Now the record in this case shows that Foster was an accountant for the Continental Bank, and apparently a check was drawn by the officers of the bank in violation of the law and in violation of their orders, and was given to Foster or was placed upon his desk, and he drew the money on this check and used it in his own business for which apparently the check was issued. Now this came into his possession rightfully or wrongfully, as far as the officers of the bank are concerned, not as accountant, but as a prospective borrower from the bank. True that under the statute it could not be loaned to him without the consent of the directors and it is true that the evidence shows that this consent was not obtained, but how does that make him an embezzler?

If a teller in a bank borrows from the bank a sum of money, and the rules of the bank are not complied with and the officers of the bank let him have the money in violation of the statute and in violation of the rules of the bank, one cannot say that this teller received this money in his capacity as teller. He simply became a debtor to the bank. True, the officers of the bank might be held responsible for a violation of their duty but that would not make the teller an **embezzler,** because the money did not come into his posession as teller of the bank; it was given to him illegally, if you please, but it was given to him, as a **borrower** of the bank.

Now this matter might be reached by a proper indictment, but we wonder whether it has been reached in this case. However, we think it is not necessary to decide that question in the instant case because we think there was, as already outlined, error in the charge of the court both in its general charge and its refusal to charge as requested, for the reason that the matter had not been properly covered in the general charge; and for those reasons this judgment is reversed and the cause remanded to the Common Pleas Court for new trial.

Levine and Cline, JJ, concur.